UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHARRON THOMAS,                                    COMPLAINT

               Plaintiff,

                              Docket No.:

         -against-

                              Jury Trial Demanded

HIGHGATE HOTELS, L.P.,

               Defendant.

------------------------------------------------------------X

SHARRON THOMAS ("Plaintiff"), by and through her attorneys, MORRISON LAW FIRM, P.C., as and for her Complaint against HIGHGATE HOTELS, L.P., ("Defendant"), alleges upon knowledge as to herself and her own action and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.    This is a civil action for damages and equitable relief based upon violations that the Defendant committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. §207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL §160, New York Codes R. & Regs. ("NYCRR") tit. 12, §142-2.2; (iii) the requirement that employers pay spread of hours premiums NYLL §652, and NYCRR tit. 12 §142-2.4; (iv) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL §195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff worked for Defendant - - a hotel - - as a Staff Accountant or Accounts Receivable from April 17, 2018 to January 2019.  As described below, Defendant willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL.  Specifically, for the majority of her employment, the Defendant routinely required Plaintiff to work in excess of

forty hours in a workweek, but failed to compensate her at the statutorily-required overtime rate for any hours that she worked in excess of forty.

3.      Additionally, Defendant failed to provide Plaintiff with spread of hours pay on days when she worked in excess of ten hours, and failed to provide an accurate wage notice at the time of her hire, as the NYLL requires.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as this action arises under 29 U.S.C. §201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all claims arising under New York law.

5.      Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(1), as Defendant resides within this judicial district.

## PARTIES

6.      At all relevant times herein, Plaintiff worked for Defendant in New York City and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

7.      At all relevant times herein, Defendant was and is a New York limited liability Company with its principal place of business located at 2 West Street, New York, New York 10004.

8.      At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000, as Defendant is engaged in interstate commerce within the meaning of the FLSA, as it operates a business providing rooms to nationwide travelers, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

2

9.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. §216(b).

10.     At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff at an amount equal to the rate of one and one-half times her respective regular rates of pay, for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so.

11.     Thus, Plaintiff is a victim of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

12.     Defendant is a New York-based hotel with nationwide guests and visitors.

13.     On April 17, 2018, Defendant hired Plaintiff as a Staff Accountant/Accounts Receivable, and employed her in this position until January 2019.

14.     Plaintiff's primary duties consisted of accounting services for Defendant's guests, corporate clients and vendors.  Plaintiff also performed general accounting and reviewed bank deposits, counted employees' house "bank" cash accounts, and gave change to the front desk and food beverage staff on a daily basis.  On a monthly basis, Plaintiff also reviewed the food and beverage inventory.

15.     Throughout her employment, Defendant required Plaintiff to work five days a week, starting her workday sometimes as early as 7:00 a.m. and working sometimes until as late as 8:00-9:00 p.m. that day, without permitting Plaintiff to take scheduled or uninterrupted breaks or meal breaks.  By approximation, throughout her employment, Defendant required Plaintiff to

work, and Plaintiff did routinely work, approximately sixty hours per week, and oftentimes more.

16.     For each workweek that Plaintiff worked, Defendant failed to pay Plaintiff a wage that had any relation to her hours whatsoever, and instead paid Plaintiff for a forty-hour week, which it called a "salary".

17.     For almost the entirety of Plaintiff's employment, Defendant failed to pay Plaintiff for any hours that Plaintiff worked over forty at the applicable rate of time and one-half her straight-time rate.

18.     Furthermore, the Defendant failed to compensate Plaintiff with an extra hour of pay at the minimum wage rate for each day in which Plaintiff's spread of hours worked exceeded ten hours.

19.     Defendant paid Plaintiff on a weekly basis.

20.     Additionally, Defendant intentionally did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

21.     Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

22.     Each hour that Plaintiff worked was solely for Defendant's benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the FLSA*

23.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

4

24.     29 U.S.C. §206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

25.     As described above, Defendant is an employer within the meaning of the FLSA and Plaintiff is an employee within the meaning of the FLSA.

26.     Plaintiff worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

27.     Defendant willfully violated the FLSA.

28.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rate of pay.

29.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime Under the NYLL and the NYCRR*

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     NYLL §160 and 12 NYCRR §142-2.2 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, for any hours worked exceeding forty in a workweek.

32.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, and Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

33.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate her in accordance with the NYLL's and the NYCRR's overtime provision.

34.     Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rates of pay.

35.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

36.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     NYLL §652 and 12 NYCRR §142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

38.     As described above, Defendant is an employer within the meaning of the NYLL and NYCRR, and Plaintiff is an employee within the meaning of the NYLL and NYCRR.

39.     As also described above, Defendant failed to provide Plaintiff with one hour's pay at the minimum wage rate on days when her spread of hours exceeded ten.

40.     Plaintiff is entitled to this extra hour of pay, at the minimum wage rate, for all days in which she worked in excess of ten hours.

41.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay her the required spread of hours pay.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT

*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

42.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL §195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

44.     Defendant is an employer within the meaning of the NYLL, and Plaintiff is an employee within the meaning of the NYLL.

45.     As described above, the Defendant failed to furnish Plaintiff with accurate wage notices at hire containing all of the criteria required under the NYLL.

46.     Pursuant to NYLL §198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

47.     Pursuant to FRCP 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws and regulations;

b.   Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successor, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

7

c. All compensatory damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff should have received but for the Defendant's unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
        August 8, 2019

                                    Respectfully submitted,

                                    MORRISON LAW FIRM, P.C.
                                    Attorneys for Plaintiff
                                    445 Hamilton Avenue, Suite 402
                                    White Plains, New York 10601
                                    (914) 239-3650
                                    ssledzik@morrisonlawfirmpc.com

                                    By:   /s/Steven T. Sledzik _____
                                    STEVEN T. SLEDZIK (SS8869)