```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SHARRON THOMAS,                                             :
                                    Plaintiff,              :
                                                            :       19 Civ. 7408 (LGS)
              -against-                                     :
                                                            :       ORDER
HIGHGATE HOTELS, L.P.,                                      :
                                    Defendant.              :
                                                            :
------------------------------------------------------------:
                                                            X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/19

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 8, 2019, Plaintiff filed a complaint against Defendant, alleging violations of the Fair Labor Standards Act ("FLSA") and New York law (Dkt No. 1);

WHEREAS, on October 16, 2019, Plaintiff filed a letter on behalf of the parties notifying the Court that the parties had reached a settlement in the above-captioned case (Dkt No. 17);

WHEREAS, by Order dated October 17, 2019, the parties were required to submit the settlement agreement along with a joint letter and supporting evidence explaining why the agreement should be approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied.*, 136 S. Ct. 824 (2016) (Dkt No. 18);

WHEREAS, by Order dated October 30, 2019, the deadline to submit the materials was extended to November 22, 2019 (Dkt No. 21);

WHEREAS, on November 20, 2019, the parties timely filed the above-referenced materials for approval on the Docket. It is hereby

**ORDERED t**hat the settlement agreement is not approved in its current form. The parties' joint submissions contain the following deficiencies that are in "strong tension with the remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed in order for

the Court to determine if the proposed settlement is fair and reasonable:

1. The parties' submissions fail to provide Plaintiff's estimate of the damages to which Plaintiff would be entitled if he succeeded at trial. Absent an understanding of Plaintiff's potential maximum recovery, the Court cannot determine if the proposed settlement is fair and reasonable. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–77 (S.D.N.Y. 2015) (parties' failure to provide all necessary information, including each party's estimate of numbers of hours worked or the applicable wage, prevented the court from finding the settlement fair and reasonable).

2. The proposed settlement contains general release terms that are unreasonably broad. For example, Paragraph 3.1 requires Plaintiff to waive "any and all claims which were or could have been asserted pursuant to [FLSA], the New York Labor Law, any rules, regulations or ordinances concerning or implementing [FLSA] and/or the [NYLL], and/or any other law, regulation, or ordinance regulating the payment of wages, whether known or unknown, whether contingent or non-contingent, whether specifically asserted or not (including but not limited to minimum wage, overtime, unpaid spread-of-hours and split-shift pay, wage statement and wage notice violations, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs), which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them, arising as a result of her employment with Defendants, or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Action, from the beginning of time to the date of this Release." Similarly, paragraph 3.5 requires that Plaintiff "covenants and agrees not to sue, commerce, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Releasees in any court of law or equity, before any administrative

agency, in her own name, or accept any relief as a member of a class . . . with release to any of the Released Claims." Paragraph 3.5 further states that "Plaintiff waives any right to recovery monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf as against Releases with respect to the Released Claims. It is expressly understood and acknowledged that Plaintiff's waiver and/or covenant not to sue as noted in this Paragraph is limited exclusively to proceedings which concern the Released Claims." Any releases included in a new or amended settlement agreement must be tailored to Plaintiff's wage-related claims. *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (declining to approve resubmitted settlement which included release that went beyond "wage-and-hour issues").

**ORDERED** that the parties shall file any amendment or revised settlement agreement that addresses the deficiencies in the proposed settlement agreement by **December 5, 2019**. A separate order relating to attorneys' fees and costs will issue after the approval of any amendment or agreement.

Dated: November 25, 2019
   New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**