## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Limited Release ("Agreement") is entered into between and among Defendants Highgate Hotels, L.P. (hereinafter "Defendant") and Plaintiff Sharron Thomas ("Plaintiff"). Defendants and Plaintiff are referred to collectively as the "Parties."

## RECITALS

**WHEREAS**, Plaintiff commenced the lawsuit entitled *Sharron Thomas v. Highgate Hotels, L.P.*, Docket Number 19-cv-07408 (LGS) in the Southern District of New York (the "Action") seeking wages for unpaid overtime, minimum wage violations, liquidated damages, wage statement and wage notice violations, interest, attorneys' fees and costs against the Defendant pursuant to federal and state laws including the Fair Labor Standards Act of 1938, as amended ("FLSA"), and the New York Labor Law ("NYLL") and related regulations; and

**WHEREAS**, Defendant denies Plaintiff's allegations, contends that Plaintiff was properly and completely paid for all hours worked, and contends that Plaintiff's allegations are unfounded and lack merit; and

**WHEREAS**, the Parties mutually desire to fully resolve and forever settle all of the claims asserted by the Plaintiff in the Action, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, the Parties are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

**NOW, THEREFORE**, the Parties agree as follows:

## AGREEMENT

**1. DEFINITIONS** The terms set forth below shall be defined as follows:

    **1.1.** Plaintiff. "Plaintiff" means Sharron Thomas.

    **1.2.** Plaintiff's Counsel. "Plaintiff's Counsel" means Steven T. Sledzik, Esq. of Morrison Law Firm, PC, 445 Hamilton Avenue, Suite 402, White Plains, New York 10601.

    **1.3.** Defendant. "Defendant" means Highgate Hotels, L.P.

    **1.4.** Defendants' Counsel. "Defendants' Counsel" means Meltzer, Lippe, Goldstein & Breitstone, LLP 190 Willis Avenue, Mineola, New York 11501, by Christopher P. Hampton, Esq.

1

980065.2

**1.5.** Parties. "Parties" means and refers to Plaintiff and Defendant.

**1.6.** The Action. "The Action" refers to the lawsuit entitled *Sharron Thomas v. Highgate Hotels, L.P.*, Docket Number 19-cv-07408 (LGS) in the U.S. District Court for the Southern District of New York.

**1.7.** The Court. "The Court" refers to the Southern District of New York.

**1.8.** Settlement. "Settlement" means the terms of the settlement of this Action, which is embodied fully in this Agreement.

**1.9.** Negotiated Settlement Payment. "Negotiated Settlement Payment" means Thirty-Nine Thousand Dollars ($39,000.00).

## 2. SETTLEMENT PAYMENT

### 2.1. Negotiated Settlement Payment and Distribution to Plaintiff

(a)   In consideration of Plaintiff's execution of this Agreement and the promises and covenants contained herein, and subject to the Court's approval of the Agreement pursuant to the requirements of the FLSA, Defendants agree to pay the Negotiated Settlement Payment of Thirty-Nine Thousand Dollars ($39,000.00), for the purpose of settling the Action as follows:

(b)   The $39,000.00 Settlement Amount, which shall be distributed as follows:

> (1)   Within twenty days of the Court's approval of the settlement: (a) One check made payable to "Sharron Thomas" in the gross amount of $6,500.00 (less any required withholdings and deductions) to be reported on Form W-2 form after year end 2019;  (b) One check made payable to "Sharron Thomas" in the gross amount of $6,500.00 (without any withholdings) for alleged statutory penalties to be reported on Form 1099 form after year end 2019; and (c) One check made payable to "Morrison Law Firm, PC" in the gross amount of $6,500, to be reported on Form 1099 form after year end 2019.

> (2)   Within thirty days of the first payment: (a) One check made payable to "Sharron Thomas" in the gross amount of $6,500.00 (less any required withholdings and deductions) to be reported on Form W-2 form after year end 2019;  (b) One check made payable to "Sharron Thomas" in the gross amount of $6,500.00 (without any withholdings) for alleged statutory penalties to be reported on Form 1099 form after year end 2019; and (c) One check made payable to "Morrison Law Firm, PC" in the gross amount of $6,500, to be reported on Form 1099 form after year end 2019.

980065.2

(b) Plaintiff and Plaintiff's Counsel understand and agree they are responsible for making and/or paying all of their taxes relating to monies they receive under this Agreement. As a necessary precondition to any payment, Plaintiff and Plaintiff's Counsel must provide Defendants with a properly completed, duly executed IRS Form W-9. All settlement payments shall be made by check and shall be delivered to: Morrison Law Firm, PC, 445 Hamilton Avenue, Suite 402, White Plains, New York 10601, Attn: Steven T. Sledzik, Esq. Plaintiff further agrees that she has not relied upon any representation made by Defendants or any of its representatives concerning the tax treatment of said payments. Plaintiff shall indemnify Defendant from, and hold them harmless against, any claims made by administrative agencies or courts of competent jurisdiction for such unpaid taxes, as a result of any such claims.

(c) Should Defendant fail to deliver any of the above payments according to the schedule set out above without the express written consent of Plaintiff's attorneys, Plaintiff's attorneys shall notify Defendant via the notice procedure provided-for in Paragraph 5.1, within two business days of Defendant's failure to make said payment. Defendants will then be afforded seven (7) business days following the date Plaintiff's attorneys provided notice, to cure its breach by delivering any amounts due and owing to Plaintiff's attorneys at the address listed above. If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected. If Defendants fail to timely cure their breach, Plaintiff may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus all attorneys' fees and costs associated with seeking judgment for Defendant's breach. In the event of Defendant's failure to cure any breach of this section, interest shall be assessed from the date Plaintiffs notify Defendants of their breach at a rate of 9% *per annum*.

(d) Plaintiff hereby acknowledges and agrees that, after receipt of payment set forth herein, that she has been paid in full for all time worked through the date of this Agreement and is not entitled to any other form of wage compensation, including, but not limited to, wages; attorneys' fees; expenses; insurance benefits; employment or fringe benefits; other medical benefits or medical insurance; commissions; bonuses; stock options; contributions or proceeds from any benefit plans; sick pay; holiday pay; vacation pay; severance payments; salary or consulting payments except as specifically provided in the Settlement Agreement.

## 3. LIMITED RELEASE

**3.1. Claims Released by Plaintiff**. In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and for other valuable consideration set forth elsewhere in this Agreement, Plaintiff shall, for herself, her attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever releases, acquits, waives, and discharges Defendant, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, as well as anyone employed by or affiliated with Defendant, deemed by the Plaintiff to be an "employer," and any or all of them and all persons acting by, through, under, or in concert

with any of them, in their personal, individual, official and/or corporate capacities (collectively, the "Releasees"), from: (i) any and all claims asserted in the Complaint in the Action; and (ii) any and all claims which were or could have been asserted pursuant to the Fair Labor Standards Act, the New York Labor Law, and/or any rules, regulations or ordinances concerning, implementing, governing or regulating the Fair Labor Standards Act and/or the New York Labor Law, whether known or unknown, whether specifically asserted or not, which the Releasors may assert against the Releasees, and/or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Action, from the beginning of time to the date of this Release (collectively, the "Released Claims").

**3.2. Approval**. Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement, and/or pursuant to any other provisions herein. The Parties have the option to nullify and/or void this Agreement if it is not approved by the Court on or before January 31, 2020.

**3.3. Non-Admission of Liability**. By entering into this Agreement, Defendant in no way admits any violation of any law or any liability whatsoever to Plaintiff, all such liability being expressly denied. Rather, Defendant enters into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiff. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Action or in any other proceeding or dispute whatsoever. This Agreement shall not in any way be construed as an admission by Defendant that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights or claims whatsoever against Defendant and/or any of the Releasees.

**3.4. Plaintiff Affirmation.** Plaintiff affirms she has not filed or caused to be filed, and she is not presently a party to, any claim against the Releasees with respect to the Released Claims. Plaintiff promises and represent that she will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Releasees, that concern the Released Claims. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of the Plaintiff, the Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Plaintiff file a charge against Defendant, asserting any of the Released Claims released herein, with any agency, or cooperate with an investigation with any agency, Plaintiff acknowledges that this Agreement shall bar her from receiving monetary compensation in connection therewith. It is expressly understood and acknowledged that this Paragraph is limited exclusively to proceedings which concern the Released Claims. Any proceedings filed by Plaintiff which concern claims other than the Released Claims, including claims for discrimination pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and/or the New York City Human Rights Law, shall in no way be affected and/or abridged by the terms of this Paragraph, or any other Paragraph in this Agreement.

**3.5 Plaintiff's Covenant Not to Sue.** Except as provided for in Paragraph 3.5 herein, Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Releasees in any court of law or equity, or before any administrative agency, in her own name, or accept any relief as a member of a class, against the Releasees in any court of law or equity, or before any administrative agency, with respect to any of the Released Claims. Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although she is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf as against the Releases with respect to the Released Claims. It is expressly understood and acknowledged that Plaintiff's waiver and/or covenant not to sue as noted in this Paragraph is limited exclusively to proceedings which concern the Released Claims. Plaintiff retains all rights and remedies to pursue claims other than the Released Claims, including claims for discrimination pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and/or the New York City Human Rights Law.

## 4. DISMISSAL OF THE ACTION

Plaintiff authorizes and instructs her attorneys to file joint motion for approval of the settlement with the Court to effectuate a settlement and dismissal with prejudice of the Action as soon as practicable. This includes execution of the Stipulation of Dismissal with Prejudice annexed hereto as Exhibit "1".

## 5. MISCELLANEOUS

**5.1. Notice.** All other notices and documents set forth herein shall be delivered to counsel for Defendant, Christopher P. Hampton, Esq.., Meltzer, Lippe, Goldstein & Breitstone, LLP., 190 Willis Avenue, Mienola, New York 11501; (516) 747-0300; champton@meltzerlippe.com and counsel for Plaintiff, Steven T. Sledzik, Esq., Morrison Law Firm, P.C., 445 Hamilton Avenue, Suite 402, White Plains, NY 10601; (914) 239-3622; ssledzik@morrisonlawfirm.com.

**5.2. Mutual Non-Disparagement.** The Parties have not and will not publicly disparage, denigrate or criticize one another, or induce or encourage others to publicly disparage, denigrate, or criticize one another. This provision covers statements and other communication made via the internet. The Parties expressly acknowledge and agree that such provision does not in any way apply to litigation or legal proceedings of any kind, including but not limited to sworn testimony or interviews the Parties give in any lawsuit, action, claim, arbitration or other proceeding, or any communications pursuant to Paragraph 3.5 of this Agreement. This non-disparagement provision as it applies to statements made by Defendant herein applies only to statements made by Defendant's senior-level employees acting in their official capacities who have knowledge of the Action and/or of the instant Agreement herein.

980065.2

**5.3. No Right of Reemployment.** Although nothing prohibits Plaintiff from seeking future employment with Defendant, the Plaintiff understands and agrees that Defendant's decision not to extend any future offer of employment to Plaintiff shall not constitute unlawful retaliation in violation of the FLSA, the NYLL, or any other statute or any other law, regulation, or ordinance regulating the payment of wages and prohibiting retaliation in response to complaints regarding same, for having participated in the Action.

**5.4. Return of Defendant's Information.** Plaintiff represents she has returned to Defendant and/or destroyed and/or deleted all "Defendant's Information," including, without limitation, keys and other items permitting access to any of Defendant's (or their clients/customers/patients') buildings, apartments or other structures, mailing lists, client lists, employee lists, Defendant's financial information, reports, contracts, memoranda, records and software, computers, file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Defendant's Information" as used in this Agreement includes but is not limited to: (a) information not generally known to the public and includes information about Defendant's/Releasees' businesses or Defendant's affiliates and other information concerning Defendant/Releasees; (b) other financial or proprietary information, the use or disclosure of which might reasonably be construed to be contrary to the interests of Defendant or their affiliates; and (c) any other document, item or information Plaintiff removed from Defendant's place of business. Plaintiff agrees the damages caused by such an unauthorized disclosure or use of Defendant's information is not readily subject to calculation and Plaintiff therefore acknowledges and agrees that Defendants shall be entitled to recover their reasonable attorneys' fees and costs associated with pursuing recourse for Plaintiff's breach of the instant Paragraph. Plaintiff further consents to entry of injunctive relief in addition to any and all other remedies under this Agreement. Plaintiff agrees that Defendant will not have to post a bond in seeking said injunction or any injunction in connection with this Agreement.

**5.5. Entire Agreement.** This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**5.6. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties.

**5.7. Neutral Reference.** Upon request from a prospective employer or other entity made to Defendant, Defendants will provide a neutral reference confirming dates of employment and position held and will further state that it is company policy to only provide this information.

**5.8. Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

980065.2

**5.5. Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6. Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

**5.7. Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles.

**5.8. Amendment.** This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**5.9. Effective Date.** This Agreement shall become effective following its execution by the Parties and approval by the Court.

**5.10. Attorney's Fees and Costs.** Except as specifically provided in Paragraph 2.1 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Action.

**5.11. Fair and Reasonable Settlement.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Action. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**5.12. Severability.** In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

**5.13. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "hardcopy" signature *(i.e.,* using pen and paper) or electronic signature *(i.e.* via DocuSign). The executed signature pages may be delivered using facsimile or electronic

means, including pdf or similar file type transmitted via email, cloud-based server, ore-signature technology.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Limited Release as of the date(s) set forth below:

PLAINTIFF

DEFENDANT

_____
Sharron Thomas

HIGHGATE HOTELS, L.P.

Date: _____

by: _____
Title: SVP of HR
Date: 12/3/19

980065.2

means, including pdf or similar file type transmitted via email, cloud-based server, ore-signature technology.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Limited Release as of the date(s) set forth below:

| PLAINTIFF | DEFENDANT |
|---|---|
| *[signature]* <br> Sharron Thomas | HIGHGATE HOTELS, L.P. |
| Date: 12/4/2019 | by: _____ <br> Title: _____ <br> Date: _____ |